994 So.2d 696 (2008)
Irma LEWIS
v.
FOUR CORNERS VOLUNTEER FIRE DEPARTMENT, Mark McLean and XYZ Insurance Company.
No. 2008 CA 0354.
Court of Appeal of Louisiana, First Circuit.
September 26, 2008.
*697 Alicia Johnson Butler, New Iberia, Louisiana, for Plaintiff/Appellant, Irma Lewis.
William M. Bass, Lafayette, Louisiana, for Defendants/Appellees, Four Corners Volunteer Fire Department, Mark McLean, and XYZ Insurance Company.
James R. McClelland, Franklin, Louisiana, for Defendant/Appellee, St. Mary Parish Communications Division.
David I. Bordelon, Metairie, Louisiana, for Defendant/Appellee, St. Mary Parish Council.
Before PETTIGREW, McDONALD, HUGHES, JJ.
McDONALD, J.
This is an appeal of the granting of a motion for summary judgment dismissing plaintiffs claim against the St. Mary Parish 911 Communications District. For the following reasons, the judgment is affirmed.

FACTS AND PROCEDURAL BACKGROUND
On or about June 11, 2003 at approximately 12:45 a.m. a call was made to 911 to request assistance for a fire at the home of Irma Lewis. In June 2004, Irma Lewis filed a petition for damages against Four Corners Volunteer Fire Department, the Four Corners Fire Chief, and its insurer, alleging that she sustained a total loss of a dwelling and all its contents due to the negligence of the defendants, which acts of negligence were all in violation of laws and ordinances.
In September 2004, plaintiff filed a supplemental and amending petition that alleged *698 the acts or omissions of the defendants were grossly negligent or willful, wanton and reckless misconduct. Several procedural matters were heard and discovery was ongoing. In November 2006, plaintiff filed a motion and order to set the matter for trial and a trial date of March 8, 2007 was assigned. The trial was continued and reset for May 9, 2007. Immediately prior to that date, defendants filed a motion to strike Dr. James Munger as a witness, alleging that on Friday May 4, 2007, counsel for the defendants received a Supplemental Answer to Interrogatories and Requests for Production listing Dr. James Munger as an expert witness for the first time, that he was added only two days before trial and that the information submitted with regard to his testimony was insufficient to comply with procedural requirements. Thereafter, on May 8, 2007, a telephone conference was held at which all parties agreed to reset the May 9 trial date to July 19, 2007, due to the addition of the St. Mary Parish Sheriff as a defendant. That trial date was continued and the trial was reset for October 26, 2007.
On September 5, 2007, a fourth supplemental and amending petition was filed naming the St. Mary Parish 911 Communications District (hereinafter St. Mary Parish) as a defendant.[1] St. Mary Parish filed an answer and motion for summary judgment based on qualified immunity, which was scheduled for hearing on the morning of the trial, October 26, 2007. After hearing, the trial court granted St. Mary Parish's motion for summary judgment, which is the matter before us on appeal. Plaintiff, appellant here, alleges that the trial court erred in granting the motion because (1) there was a genuine issue of material fact that precluded dismissing St. Mary Parish Communications District from the litigation, and (2) that the trial court's finding that St. Mary Parish Communications District is immune from liability is contrary to the law and evidence.

LAW AND ANALYSIS
A motion for summary judgment is a procedural device used to avoid a fullscale trial when there is no genuine factual dispute. Board of Supervisors of Louisiana State University v. Louisiana Agricultural Finance Authority, 07-0107 (La. App. 1 Cir. 2/8/08), 984 So.2d 72, 79. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art 966(B). In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Fernandez v. Hebert, 06-1558 (La.App. 1 Cir. 5/4/07), 961 So.2d 404, 408, writ denied, 07-1123 (La.9/21/07), 964 So.2d 333. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Anglin v. Anglin, 05-1233 (La.App. 1 Cir. 6/9/06), 938 So.2d 766, 769. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits. Fernandez v. Hebert, 961 So.2d at 408. Summary judgment is favored and is designed to secure the just, *699 speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2).
The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002, 1006; La. C.C.P. art. 966(C)(2). The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Ibid.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Board of Sup'rs of Louisiana State University v. Louisiana Agricultural Finance Authority, 984 So.2d at 80. In the appeal before us, the defendant, St. Mary Parish, moved for summary judgment relying on La. R.S. 33:9108B, which provides qualified immunity to providers of 911 services, as follows:
No district, sheriff, service provider, nor any wireless service supplier which meets the requirements of R.S. 33:9109(F)(1) and (2), nor their respective officers, directors, employees, or agents shall be liable to any person for civil damages resulting from, arising out of, or due to any act or omission in the development, design, installation, operation, maintenance, performance, or provision of 911 services, except when said damages are a result of willful or wanton misconduct or gross negligence on their respective part.
It is undisputed that the moving defendant meets the legal qualifications to be entitled to rely on the immunity provided by this statute.
Appellant argues that St. Mary Parish was grossly negligent and also exhibited willful, wanton, and reckless behavior when they failed to notify the Four Comers Volunteer Department in a timely and efficient manner. It is further argued that the "grossly negligent conduct is evidenced in the affidavit submitted by Fire Expert David Munger, CFEI, CVFI, CFPS." Appellant also argues that at a minimum, the gross negligence complained of by plaintiff would have to be determined by a trier of fact at a trial on the merits, based upon evidence and testimony presented, and that the affidavit submitted, in and of itself, presents a genuine issue of material fact that would warrant a trial on the merits.
St. Mary Parish argued in the trial court that the affidavit was not filed in accordance with La. C.C.P. art. 966 because the opposition to its motion for summary judgment and supporting affidavit was filed late, not at least eight days prior to the hearing as required. Further, it argued that the affidavit itself was invalid because (1) it did not meet the requirements of La. C.C.P. art. 967 in that it does not provide the education, training, curriculum vitae or anything of that nature, to show that this person is an expert, "other than his own assertion that he's an expert;" (2) it does not give facts upon which any opinion is based; and (3) his (the expert's) opinion is that gross negligence was committed in this matter, but there is no indication of how it was committed.
Initially, we note that the submission of the affidavit alone with its conclusion that the defendant's conduct was "grossly negligent as complained of by plaintiffs" is not sufficient to create a genuine issue of material fact that would preclude granting St. Mary Parish's motion *700 for summary judgment. Affidavits that are devoid of specific underlying facts to support a conclusion of ultimate "fact" are not legally sufficient to defeat summary judgment. Dumas v. Angus Chemical Co., 31,969 (La.App. 2 Cir. 8/20/99), 742 So.2d 655, 661. The defendant here has moved for summary judgment upon a prima facie showing that it is entitled to immunity. The burden of proof, therefore, shifted to the plaintiff to produce evidence that a material factual issue remains. The plaintiff may not wait until trial to produce this evidence. Neither is the fact that they have retained an expert who has concluded that the defendant's actions were grossly negligent sufficient to defeat summary judgment, without a submission of facts and evidence supporting that conclusion.
The affidavit on which appellant relies provides the expert's sworn testimony that:
(1) He is employed as a consultant with James G. Munger and Associates, Inc., a firm that provides fire protection knowledge, code consulting and fire loss analysis services.
(2) In conducting a fire loss analysis, his duties include an examination of the incident scene and any involved equipment, collection of evidence, determination of origin and cause, and analysis of prior investigations.
(3) He was retained to render an opinion about evidence submitted for review in the Irma Lewis v. Four Corners Volunteer Department, et al, Docket No. 112,554-D, St. Mary Parish, Louisiana.
(4) That based upon his education, knowledge, information and expertise, he is of the opinion that the gross negligence and wanton conduct of the Four Corners Volunteer Fire Department and the 911 Emergency Communications District caused the damages sustained by Plaintiff, Irma Lewis.
(5) He is of the opinion that the written and/or audio records and reports reviewed, i.e. 911 tape, volunteer fire department training logs, etc., indicate actions and/or inactions that are not in compliance operational procedures and nationally recognized NFPA professional standards.
The affidavit was signed October 23, 2007 and filed with the district court on October 25, 2007, one day before the October 26, 2007 hearing.
There is no doubt that the affidavit was not filed in accordance with La. C.C.P. art. 966, eight days before the summary judgment hearing. In fact, the affidavit was never formally introduced into evidence at the hearing. However, we will not decide the merits of this appeal based on a procedural defect. The primary objective of all procedural rules should be to secure to parties the full measure of their substantive rights. Unwired Telecom Corp. v. Parish of Calcasieu, 03-0732 (La.1/19/05), 903 So.2d 392, 401. Apparently, the trial court considered the affidavit before rendering its decision. Although the affidavit did not technically conform to procedural rules, under the facts before us here, we do not find that the trial court decision to consider the affidavit requires reversal. A trial court is required to give a party adverse to summary judgment additional time to file a response, including opposing affidavits or depositions, when there is good cause. La. C.C.P. art. 966(B). As previously noted, the summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. Justice is not served by denying a party their day in court because of a procedural deficiency that can be remedied. The trial court considered the *701 affidavit, but concluded that St. Mary Parish was legally entitled to summary judgment. We agree.
Paragraph 4 of Dr. Munger's affidavit concludes that the gross negligence and wanton conduct of the Four Corners Volunteer Fire Department and the 911 Emergency Communications District caused the damages sustained by plaintiff, Irma Lewis. This conclusion of law is not sufficient to defeat St. Mary Parish's motion for summary judgment. When an affidavit is submitted to defeat a motion for summary judgment, it is necessary that the affidavit present factual evidence sufficient to establish that the non-moving party will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2).
Paragraph 5 states that in the expert's opinion, the written and/or audio records and reports reviewed, i.e. 911 tape, volunteer fire department training logs, etc., indicate actions and or inactions that are not in compliance with operational procedures and nationally recognized NFPA professional standards. Dr. Munger's opinion that the tape and logs are not in compliance with NFPA professional standards is not a fact that supports a finding of gross negligence on the part of St. Mary Parish under the law applicable here. There is no factual indication of what acts or omissions in the tape and logs are not in compliance. Further, it is unlikely that anything in the volunteer fire department logs would establish gross negligence on the part of St. Mary Parish. Also, we note that there is no indication what NFPA is and why their rules are relevant in this matter. Even if we were to consider that lack of compliance would establish something akin to "negligence per se," only negligence, and not the gross negligence required by law, would be evidenced.
Considering the many deficiencies of the affidavit, we find that it is not sufficient to meet the plaintiffs burden of proving a genuine issue of material fact. Therefore, the judgment dismissing plaintiffs claim against the St. Mary Parish 911 Communications District is affirmed. Costs are assessed to plaintiff, Irma Lewis.
AFFIRMED.
NOTES
[1] Appellant's brief represents that a supplemental petition naming the St. Mary Parish 911 Communications District as a defendant was filed on August 20, 2007. However, the record shows that the trial judge signed an order on August 5, 2007 allowing filing of the supplemental petition, and the clerk of court stamp on the petition shows that it was received and filed on September 5, 2007.