GRIFFIN GLENN PAYNE, INDIVIDUALLY AND ON BEHALF OF HIS MINOR DAUGHTER, CHRISTINA PAYNE
v.
COB ENTERPRISES AND/OR COB ENTERPRISES OF LOUISIANA, L.L.C, ACORD INSURANCE COMPANY AND LIBERTY MUTUAL INSURANCE COMPANY.
MELISSA HEBERT, SALVADOR HEBERT
v.
SEAN CUNY, C.O.B. ENTERPRISES OF LOUISIANA L.L.C, XYZ INSURANCE COMPANY.
No. 2008 CA1547, Consolidated with No. 2008 CA 1548.
Court of Appeals of Louisiana, First Circuit.
February 13, 2009.
Not Designated for Publication
GEORGE W. BYRNE, Jr., RANDY J. UNGAR, GREGORY T. DISCON, and MICHAEL HINGLE, SLIDELL, Louisiana, Attorneys for Plaintiff/1st Appellant Griffin Glenn Payne, individually and on behalf of his minor daughter, Christina Payne.
JAMES E. CAZALOT, Jr., H. EDWARD ShERMAN, Attorneys for Plaintiff/2nd Appellant Melissa Hebert, Salvador Hebert.
DAVID J. SCHEXNAYDRE, MARY B. LORD, Attorneys for Defendant/Appellees COB Enterprises and/or COB Enterprises of Louisiana, L.L.C. And Progressive Security Insurance Company.
CHARLES V. GIORDANO, MICHAEL E. ESCUDIER, Attorneys for Defendant/Appellee Sean M. Cuny.
Before: PETTIGREW, McDONALD, HUGHES, JJ.
McDONALD, J.
This appeal arises from the grant of a motion for summary judgment filed on behalf of the defendants. The underlying case involved an automobile accident that occurred on La. Highway 41 in St. Tammany Parish on May 26, 2005. An 18-wheel tractor-trailer owned by defendant, C.O.B. Enterprises and/or C.O.B. Enterprises of Louisiana, LLC, (hereinafter referred to as C.O.B.) operated by defendant, Sean Cuny, and insured by Progressive Security Insurance Company collided with a Ford Escort owned by Salvatore Hebert, operated by his minor daughter, Melissa Hebert, and insured by Liberty Mutual Insurance Company. Christina Payne, also a minor, was a passenger in the Hebert vehicle. Both girls were seriously injured in the collision.
In August 2005, Griffin Payne filed suit individually and on behalf of his minor daughter, Christina Payne, against C.O.B. and its insurer;[1] in October 2005, C.O.B. filed suit against Melissa Hebert and her insurer, Liberty Mutual Insurance Company; and in May 2006, suit was filed by Melissa Hebert and Salvatore Hebert against C.O.B. and XYZ Insurance Company, subsequently amended to name Progressive Security Insurance Company. All three suits were consolidated prior to the filing of the instant motion for summary judgment.
C.O.B. filed a motion for summary judgment in August 2007, on the grounds that plaintiffs could not prove that C.O.B.'s truck driver, Sean Cuny, was negligent in causing the automobile accident that is the subject of the lawsuit. Attached to the memorandum in support of the motion were portions of depositions of Christina Payne, Melissa Hebert, and Sean Cuny. Sean Cuny filed a motion to adopt C.O.B.'s motion for summary judgment, and requested that the suit against him be dismissed with prejudice. Plaintiffs filed an unopposed motion for continuance because of pending discovery issues, which the trial court granted, continuing the hearing scheduled for October 31, 2007, until December 13, 2007.
Plaintiffs subsequently submitted an opposition to the defendants' motion for summary judgment, with both passengers contending that a material issue of fact remained as to the comparative negligence of Sean Cuny. Numerous exhibits were attached to the oppositions, including the Motor Vehicle Accident Crash Report, and portions of the depositions of Cuny, Hebert, and Payne, as well as portions of the deposition of Wayne Winkler, the accident-reconstructionist retained by the defendants.
The matter was heard on February 22, 2008, at the conclusion of which the trial court granted the defendants' motion for summary judgment. Appeals were timely perfected on behalf of both Christina Payne and Melissa Hebert. The issues placed before this court on appeal are: (1) whether genuine issues of material fact remain, precluding summary judgment; (2) whether the trial court erred in failing to consider evidence from which a jury could reasonably find some degree of comparative fault on the part of the defendant truck driver; and (3) whether the trial court erred by usurping the role of the jury in deciding issues of credibility.
A motion for summary judgment is a procedural device used to avoid a fullscale trial when there is no genuine factual dispute. Lewis v. Four Corners Volunteer Fire Dept., 08-0354 (La. App. 1 Cir. 9/26/08), 994 So.2d 696, 698. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Fernandez v. Hebert, 06-1558 (La. App. 1 Cir. 5/4/07), 961 So.2d 404, 408, writ denied, 07-1123 (La. 9/21/07), 964 So.2d 333. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Anglin v. Anglin, 05-1233 (La. App. 1 Cir. 6/9/06), 938 So.2d 766, 769. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits. Fernandez v. Hebert, 961 So.2d at 408. Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2).
The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. Jones v. Estate of Santiago, 03-1424 (La. 4/14/04), 870 So.2d 1002, 1006; La. C.C.P. art. 966(C)(2). The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Ibid. In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Lewis v. Four Corners, 994 So.2d at 699.
Plaintiffs argue that there is a factual dispute as to whether Mr. Cuny's actions preceding the accident were reasonable, and that a jury could find comparative fault on his part. Also, credibility issues are asserted based on a discrepancy between the deposition testimony of Mr. Cuny that he was "standing on the brakes," but no skid marks were left because of the type of brake system on the truck and the testimony of the defendants' expert, Wayne Winkler, regarding the skid marks. Ms. Hebert further contends that the testimony of both passengers in the car was that immediately preceding the accident they had left Joyce's Malt Stand and were on the way to get gasoline at the Shell station, which is south on Highway 41. Mr. Cuny maintains that the vehicle was traveling north on Highway 41.
Mr. Cuny testified that the vehicle in which the plaintiffs were traveling was heading north on Highway 41 when, without indicating, it left the road and stopped on the shoulder. After a slight hesitation, about to the count of ten, the left turn blinker was activated. At this point, Mr. Cuny took his foot off the brake, which activated the Jake brake on his truck, and it began slowing down because, according to Mr. Cuny, he did not know what the driver of the vehicle intended to do. Almost immediately, the Hebert vehicle entered the roadway directly in front of Mr. Cuny's truck and made a u-turn into the southbound lane. Mr. Cuny testified that he began down-shifting and braking, and pulled to the left to avoid the accident, but that the truck struck the car when it was almost entirely in the southbound lane. Neither of the car's passengers have any memory of the events after leaving the malt stand.
In addition to Mr. Cuny's testimony, the accident report prepared by the state police officer investigating the accident shows the Hebert vehicle moving from the right shoulder of the road directly across the path of the truck. Mr. Cuny was not ticketed.
Wayne Winkler testified that the actions taken by Mr. Cuny were reasonable and expected. In addition to only having seconds to decide on a course of action, Mr. Winkler testified that when faced with a hazard coming from your right, the position of the Hebert vehicle, the most reasonable path to take is to the left, which is what Mr. Cuny did. Further, that there is a deep ditch to the right, which may have overturned the truck had Mr. Cuny run into it. He further testified that all of the physical evidence confirmed Mr. Cuny's recollection of the accident, and specifically noted that the evidence indicated the Hebert vehicle was traveling at about 15 mph, which is inconsistent with the vehicle traveling in the southbound lane. He noted the skid marks at the scene of the accident, but could not determine if they were made pre or post-impact.
After careful review of the record and the law in this matter, we agree with the trial court that there was no genuine issue of material fact precluding the granting of the motion for summary judgment. There is no evidence to establish negligence on the part of Sean Cuny, and the assertion that the vehicle in which the plaintiffs were riding was not headed north on Highway 41 is entirely speculative and does not create a genuine issue of material fact. The judgment dismissing the suits against C.O.B., Progressive Security Insurance Company, and Sean Cuny, with prejudice, is affirmed. Costs of this appeal are assessed equally against the plaintiffs.
AFFIRMED.
NOTES
[1] Suit was originally filed naming Accord Insurance Company, and subsequently amended to name Progressive Security Insurance Company.