ELIZABETH SIMMONS
v.
BOGALUSA FOODS, L.L.C. D/B/A PIGGLY WIGGLY AND ABC INSURANCE COMPANY
No. 2008 CA 1286.
Court of Appeals of Louisiana, First Circuit.
February 13, 2009.
Not Designated for Publication.
GEORGE R. TUCKER, Attorney for Plaintiff/Appellant-ELIZABETH SIMMONS.
CHRISTOPHER P. LAWLER, Attorney for Defendant/Appellee-Bogalusa Foods, L.L.C. d/b/a Piggly Wiggly and ABC Insurance Company
Before: PETTIGREW, McDONALD, HUGHES, JJ.
McDONALD, J.
The plaintiff in a slip and fall case appeals dismissal of her claim in the 22nd Judicial District Court after the trial court granted a motion for summary judgment to the defendant. For the following reasons, the judgment is affirmed.
In November 2005, Elizabeth Simmons entered a Piggly Wiggly store at approximately 8:45 in the morning. She went to the meat department to purchase some chicken where she slipped and fell, striking a cooler and bumping her head, left shoulder, and hip against the cooler as she fell. Employees of the store assisted her and wiped up the wet surface on which she had slipped. A petition for damages sustained as a result of the fall was filed on February 7, 2006.
In October 2007, Piggly Wiggly filed a motion for summary judgment contending that Ms. Simmons could not carry her burden of proof at trial. The motion was set for hearing on December 11, 2007, but was continued on the motion of the plaintiff, which was unopposed by the defendant. The motion was thereafter scheduled for and heard on February 20, 2008. On January 29, 2008, the defendant filed a reply brief to the plaintiffs opposition to the motion for summary judgment that contained a copy of the affidavit of Wayne Uzel, the store manager. The affidavit attested to his position as store manager, outlined the store's procedure for discovering potential problems on the floor, and stated that he had walked the area where the fall occurred 15 minutes or less before the accident and that there were no substances on the floor at that time.
After reviewing the record and listening to arguments of counsel at the hearing on the motion for summary judgment, the trial court granted defendant's motion, finding that the plaintiff had not met her burden of proof. Plaintiff appeals alleging three errors: (1) the trial court erroneously granted the summary judgment prematurely; (2) the trial court erred in granting the summary judgment based on one self-serving affidavit from the store manager; and (3) the trial court erred in granting the defendant's motion for summary judgment when there existed genuine issues of material fact.
Although the plaintiff now argues that the motion for summary judgment was granted prematurely, there was no objection to the hearing made in the trial court. Louisiana Code of Civil Procedure article 966(C)( 1) expressly predicates the granting of a motion for summary judgment upon "adequate discovery" being accomplished. In this case, discovery had been ongoing for two years, and the plaintiff did not indicate at the hearing that additional time for discovery was needed. We find no basis to grant relief to the plaintiff based on this assignment of error.
Plaintiff next contends that the trial court erred in granting the summary judgment based on one self-serving affidavit of the store manager. The basis for the trial court's grant of defendant's motion for summary judgment was not the affidavit of the store manager. The court's reasons for judgment clearly set forth the basis for its decision:
We're all aware of the motions for summary judgment, the new statute and the ramifications thereof, especially 9:2800.6 that sets forth the duty of shopkeepers with reference to keeping stores clean.
It's very clear that the burden to establish a breach of that duty still remains with the plaintiff. A merchant can establish it has satisfied its duty with proof of a written cleanup policy or testimony that a monitoring procedure was in effect. The mere fact a foreign substance was present is not enough.
And to overcome that, then the defendants asserting that it has complied with those obligations to protect clients or patrons from harm. The plaintiff must come forward with proof the store owner either had notice of the foreign substance or it had been on the floor long enough the store had constructive notice of its existence.
Now, that has been set forth in White v. Wal-Mart and various cases therein, which I think both of you have referenced or know about.
Now, in your response memo you suggest the sole basis of the opposition is the plaintiff she stated or made assertion that a question of fact existed precluding this matter. But under the new summary judgment article and under Revised Statute 9:2800.6, it requires a plaintiff come forward with specific fact to defeat a motion for summary judgment. You cannot just state there are, quote, factual questions at issue.
In looking at your pleadings and looking at your memo, I do not feel your client has met the burden; therefore, I'm going to grant the summary judgment.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Lewis v. Four Corners Volunteer Fire Depart, 08-0354 (La. App. 1st Cir. 9/26/08), 994 So.2d 696, 699. The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Jones v. Estate of Santiago, 03-1424 (La. 4/14/04), 870 So.2d 1002, 1006. La. C.C.P. art. 966(C)(2).
It is undisputed that the plaintiff slipped and fell in the store. In opposition to the motion for summary judgment, she maintained that a material issue of fact existed in determining if Piggly Wiggly had constructive notice of dangerous conditions present in their store. None of the documents submitted as exhibits attached to the opposition provide any evidence, or facts, supporting a conclusion that Piggly Wiggly had notice of the wet substance on the floor, nor was anything introduced at the hearing.
After thorough review of the record and the law pertaining to this matter, we find no error on the part of the trial court. Therefore, the judgment appealed is affirmed, and this opinion is issued in compliance with URCA Rule 2-16. LB. Costs are assessed to Elizabeth Simmons.
AFFIRMED.