BOYD J. SANCHEZ JR.
v.
JOHNNY RAY CANEZARO AND LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY
No. 2008 CA 2385
Court of Appeals of Louisiana, First Circuit.
June 19, 2009
Not Designated for Publication
C. JOHN NAQUIN JR., Attorney for Plaintiff-Appellant Boyd J. Sanchez Jr.
KAREN DAY WHITE, PAUL A. HOLMES, Attorneys for Defendants-Appellees Village of Fordoche and Frederick Gueho Jr.
Before: PETTIGREW, McDONALD, and HUGHES, JJ.
PETTIGREW, J.
This case involves an appeal by plaintiff, Boyd Sanchez, Jr., from a summary judgment rendered in favor of defendants, the Village of Fordoche and Chief Frederick Gueho, Jr., dismissing Mr. Sanchez's claims. On appeal, Mr. Sanchez assigns the following specifications of error:
1. The Trial Court committed reversible error by failing to find that [Chief Gueho] had developed enough of a one-on-one relationship to require him [to] take more action than merely warning [Mr. Sanchez] about riding his bike on the wrong side of the road.
2. The Trial Court committed reversible error by determining that [Chief Gueho] and the Village of Fordoche enjoyed immunity under La. R.S. 9:2798.[1]

SUMMARY JUDMGENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Board of Sup'rs of Louisiana State University v. Louisiana Agr. Finance Authority, XXXX-XXXX, p. 8 (La. App. 1 Cir. 2/8/08), 984 So.2d 72, 79. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. Code Civ. P. art 966(B). Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966(A)(2); Thomas v. Fina Oil and Chemical Co., XXXX-XXXX, pp. 4-5 (La. App. 1 Cir. 2/14/03), 845 So.2d 498, 501-502.
On a motion for summary judgment, the burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. Code Civ. P. art. 966(C)(2). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Pugh v. St. Tammany Parish School Bd., XXXX-XXXX, p. 2 (La. App. 1 Cir. 8/21/08), 994 So.2d 95, 97, writ denied, 2008-2316 (La. 11/21/08), 996 So.2d 1113.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Lewis v. Four Corners Volunteer Fire Dept., XXXX-XXXX, p. 4 (La. App. 1 Cir. 9/26/08), 994 So.2d 696, 699. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Ernest v. Petroleum Service Corp., 2002-2482, p. 3 (La. App. 1 Cir. 11/19/03), 868 So.2d 96, 97, writ denied, XXXX-XXXX (La. 2/20/04), 866 So.2d 830.
After hearing argument from the parties on the motion for summary judgment and considering the evidence and applicable law, the trial court granted same, offering the following reasons for judgment:
The issue before the court, by way of Defendants' Motion for Summary Judgment, concerns a determination of whether... the Village of Fordoche and Chief Gueho are liable, and thus, responsible for the ensuing damages suffered by the plaintiff, Boyd Sanchez. More specifically, in support of this motion Defendants' argue that: (1) Chief Gueho did not breach any duty to plaintiff; (2) the actions (or inactions) of Chief Gueho in the past did not proximately cause Boyd Sanchez's accident on May 14, 2004; and (3) Chief Gueho and the Village of Fordoche are exempt from liability under the discretionary immunity vested in them under La. R.S. 9:2798.1.
Under the facts and circumstances of this case, this Court finds that Chief Gueho was not held to a particular duty to issue a citation or arrest Boyd Sanchez and seize his bicycle on his encounters prior to May 14, 2004, and thus, the Chief did not breach any duty by choosing instead to caution him about the operation of his bicycle. In support, this Court recognizes that the facts show that there simply was not a one-to-one relationship between the Chief and the plaintiff that was close enough in proximity and time to the accident, so as to impose a special duty on the Chief. The evidence clearly shows that Chief Gueho neither witnessed Boyd Sanchez operating the bike on the day of the accident nor did he even know that Boyd was on a bicycle that day. Additionally, the Chief had received no complaints or reports of Boyd Sanchez doing anything wrong on the day in question.
Plaintiff argues, however, that it is not the day of the accident that is important here, but that the Chief had breached a duty to plaintiff in the past by not arresting him and seizing his bicycle on certain occasions prior to the date of the accident. A police officer's actions need not be the best method of approach in order to be shielded from liability; rather, the standard of care requires that the officer choose a course of action that is reasonable under the circumstances. Courville on behalf of Vincent v. City of Lake Charles, 1998-73 (La. App. 3 Cir. 10/28/98), 720 So.2d 789. This Court finds that the issuance of the warning to Boyd Sanchez and his caretakers, considering the mental state of Mr. Sanchez, was more than reasonable under the circumstances. Thus, finding an absence of a breached duty on the part of Officer Gueho, plaintiffs claims against the Chief and the Village must be dismissed. In addition, this Court will not address the issue of Causation on this Motion for Summary Judgment for this is a fact intensive decision which becomes a decision for the trier of fact.
Even if somehow the plaintiff were able to prove that the Chiefs action or inaction constituted a breach of duty and were the cause-in-fact and proximate cause of the accident, the plaintiff must still defeat the statutorily vested immunity afforded by La. R.S. 9:27981. To do so, plaintiff must prove that the Chiefs decision to give a warning was not related to a legitimate governmental objective for which discretionary power exists. This Court finds that Chief Gueho had much discretion in the manner of handling any encounter with Boyd Sanchez prior to this accident. In fact, plaintiffs memorandum lists the possible courses of actions in which Chief Gueho could have taken to address the situation including an arrest of Boyd Sanchez and a seizure of his bicycle, the issuance of a citation, or giving a warning.
However, in order for immunity to absolve the defendant from liability, it must also be proven that the Chiefs discretionary decision was grounded in some social and economic policy. Under Louisiana law, there is a presumption that, when a government employee exercises discretion given to him by virtue of a statute or regulation, they are doing so based on the same policy concerns that animate the controlling statue or regulation itself, and are entitled to discretionary function immunity. [State of La. v. Public Investors, Inc., 35 F.3d 216 (5th Cir. 1994)]. It is evident that Chief Gueho was exercising discretionary acts within the course and scope of his lawful powers and duties as Police Chief. The legitimate governmental objective at issue is maintaining safety and order in the Village of Fordoche and traditionally it was the policy of the Chief not to issue tickets to bike riders who violated the law by riding on the wrong side of the road. Therefore, Chief Gueho and the Village of Fordoche are immune from [liability under La. R.S. 9:2798.1.
We have thoroughly reviewed the evidence in the record and agree with the trial court's conclusion that summary judgment was appropriate in this case. The arguments made by Mr. Sanchez on appeal are without merit. As noted by the trial court below. Chief Gueho's prior actions in warning Mr. Sanchez regarding the operation of his bicycle were more than reasonable under the facts and circumstances of this case. Moreover, the evidence in the record supports a finding that Chief Gueho and the Village of Fordoche qualify for the statutory immunity afforded by La. R.S. 9:2798.1. Mr. Sanchez failed to bear his burden of producing evidence that there were genuine issues of material fact remaining concerning these issues. Accordingly, summary judgment in favor of the Village of Fordoche and Chief Gueho was warranted. Therefore, we affirm the trial court's judgment in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.1B and assess all appeal costs against plaintiff, Boyd Sanchez, Jr.
AFFIRMED.
NOTES
[1] Louisiana Revised Statutes 9:2798.1(B) provides as follows: "Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties."