GREENLEAVES MASTER ASSOCIATION
v.
GREENLEAVES UTILITY COMPANY.
No. 2008 CA 1946.
Court of Appeals of Louisiana, First Circuit.
June 19, 2009.
Not Designated for Publication
STEPHEN K. CONROY, CHRISTINE W. MARKS, TOM D. SNYDER, JR., Attorneys for Plaintiff-Appellee, Greenleaves Master Association.
WILLIAM J. CRAIN, Attorney for Defendant-Appellant, Greenleaves Utility Company.
Before: PETTIGREW, MCDONALD, and HUGHES, JJ.
PETTIGREW, J.
This matter arises in connection with alleged past due homeowner association dues. The defendant, Greenleaves Utility Company ("the Utility"), is the owner of two parcels of land in Greenleaves Subdivision ("the Subdivision") in Mandeville, Louisiana. The Utility is the designated sewer and water provider for the Subdivision. The plaintiff, Greenleaves Master Association ("the Association"), is a Louisiana non-profit corporation organized to perform certain activities relative to the Subdivision, including assessing members for the costs and expenses of performing the duties relegated to it by the Subdivision's covenants/restrictions as set forth in the "Act Creating Master Deed Restrictions and Covenants" by Greenleaves Development Corporation for the Subdivision.
The Association filed the instant suit against the Utility in 2006 seeking collection of dues totaling $11,175.59 allegedly owed by the Utility to the Association pursuant to the covenants/restrictions. The Utility and the Association originally filed cross motions for summary judgment in 2007, however, both motions were denied by the trial court.[1] Thereafter, in January 2008, the Association filed a pleading entitled "Application For Injunctive Relief Or, Alternatively, Motion For Reconsideration Or Motion For Summary Judgment On Behalf Of [The Association]" re-urging its contention that the Utility was liable for the dues. The Utility likewise filed another motion for summary judgment, arguing that based upon language contained in the Subdivision's covenants/restrictions, it is not liable for the dues.
Both motions were heard on March 11, 2008, and the trial court took the matter under advisement. On December 23, 2008, the trial court rendered judgment granting the Association's motion for summary judgment and denying the Utility's motion.[2] The trial court found that the Association had the power to levy homeowner's dues against the Utility and that the Utility is required to pay same. It is from this judgment that the Utility has appealed, seeking review of the judgment to the extent that it granted the Association's motion for summary judgment.[3] The Utility argues the trial court erred in finding that it was a member of the Association and in interpreting the covenants/restrictions to require that it pay dues to the Association.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Board of Sup'rs of Louisiana State University v. Louisiana Agr. Finance Authority, XXXX-XXXX, p. 8 (La. App. 1 Cir. 2/8/08), 984 So.2d 72, 79. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. Code Civ. P. art 966(B). Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966(A)(2); Thomas v. Fina Oil and Chemical Co., XXXX-XXXX, pp. 4-5 (La. App. 1 Cir. 2/14/03), 845 So.2d 498, 501-502. In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Lewis v. Four Corners Volunteer Fire Dept., XXXX-XXXX, p. 4 (La. App. 1 Cir. 9/26/08), 994 So.2d 696, 699.
When a motion for summary judgment is made and supported as provided by law, an adverse party may not rest on the mere allegations or denials of his pleading. His response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be rendered against him. La. Code Civ. P. art. 967; Robles v. Exxonmobile, XXXX-XXXX, p. 4 (La. App. 1 Cir. 3/28/03), 844 So.2d 339, 341.
After considering the evidence and the applicable law, the trial court in the instant case determined that the Utility was a member of the Association and was required to pay dues. In its reasons for judgment, the trial court noted as follows:
The Louisiana Homeowners Association Act ("LHAA"), La.Rev.Stat.Ann. 9:1141.1 et seq., governs the application of building restrictions in residential planned communities. Among the definitions of a "building restriction" is
the imposition of an affirmative duty, including the affirmative duty to pay monthly or periodic dues or fees, or assessments for a particular expense or capital improvement, that are reasonable for the maintenance, improvement, or safety, or any combination thereof, of the planned community.
La.Rev.Stat.Ann. 9:1141.5(B). Section 1141.4 provides that "[t]he existence, validity, or extent of a building restriction affecting any association property shall be liberally construed to give effect to its purpose and intent."
....
[The Association] contends that [the Utility] is an owner of property in [the Subdivision] and, therefore a member of the Association who must pay dues.
[The Utility] counters that, although it owns property in [the Subdivision], it is not a member of the Association, and cannot be subject to assessments made by [the Association].
As this Court has noted earlier, the Covenant grants [the Association] the power to levy assessments on "members." While there are three definitions of "member" put forth in the Covenant, only one is of interest here: "the owner(s) of any Parcel of the Property which has not been subdivided for sale to multiple owners.
[The Association] argues that this language in no way implies that the property must be subdivided for sale: simple ownership of an undivided parcel makes one a member of the Association, and as owner of undivided parcels, is then a member and liable for dues.
[The Utility], however, contends that use in the Covenant of the phrase "which has not been subdivided for sale to multiple owners" demands that this category apply only to owners of property which is susceptible to subdivision; to hold otherwise, it avers, would mean that this phrase is superfluous. Since its properties have been set aside for specific uses and cannot be subdivided, it is not a member under the Covenant and cannot be assessed dues by [the Association].
As a matter of logic, [the Utility's] argument is flawed. Nothing prevents the language as it stands from applying both to owners of property which may be subdivided as well as to owners of property which cannot be subdivided. Rather than being burdened with a superfluous phrase, the wording as it stands is clear and concise. [The Utility] is a member of the Association.
Moreover, under the LHAA [the Association] has the power to levy assessments on [the Utility]. That statute clearly provides that one of the definitions of "building restriction" is the duty to pay the assessment for a particular expense which is reasonable for certain benefits to the planned community. Among the benefits enumerated in the LHAA is safety, and [the Utility] receives the benefits of the security services provided by [the Association]. The LHAA requires that language in the Covenant pertaining to "[t]he existence, validity, or extent" of a building restriction must be "liberally construed to give effect to its purpose and intent." Such a reading of the Covenant shows that [the Association's] imposition of assessments on the Association members to pay for security for [the Subdivision] is a valid building restriction.
Accordingly, [the Association] has the power to levy assessments against [the Utility] which the latter is required to pay.
Accordingly, [the Association's] Motion for Summary Judgment is granted and [the Utility's] Motion for Summary Judgment is denied. [Footnotes omitted.] [Emphasis in original.]
We have thoroughly reviewed the evidence in the record and relevant jurisprudence and agree with the trial court's interpretation of the covenants/restrictions as they apply to the instant case. The relevant provisions are clear and unambiguous. Reviewing the plain language of the covenants/restrictions, it is clear that the Utility is a "member" of the Association and is subject to assessment of dues as are other members of the Association.[4] The arguments made by the Utility on appeal concerning these issues are without merit. The Utility failed to bear its burden of producing evidence that there were genuine issues of material fact remaining for trial. Accordingly, summary judgment in favor of the Association was appropriate. Therefore, we affirm the trial court's judgment in accordance with Uniform RulesCourts of Appeal, Rule 2-16. 1B. All costs associated with this appeal are assessed against Greenleaves Utility Company.
AFFIRMED.
NOTES
[1] According to the record, the Association's motion was denied on the merits, while the Utility's motion was dismissed as untimely.
[2] The original judgment in this case was rendered on April 29, 2008, but did not include appropriate decretal language. By interim order of this court dated December 19, 2008, the matter was remanded to the trial court for the limited purpose of the trial court issuing a new judgment, which it did on December 23, 2008.
[3] The Utility also filed a timely writ application seeking review of the denial of its motion for summary judgment. We address the merits of the writ application in a separate opinion decided this same date. See Greenleaves Master Association v. Greenleaves Utility Company, XXXX-XXXX (La. App. 1 Cir. __/__/__) (unpublished opinion).
[4] We also note that the Utility's acquisition of the property in question was made subject to the covenants/restrictions set forth in the "Act Creating Master Deed Restrictions and Covenants" by Greenleaves Development Corporation for the Subdivision. There is no evidence in the record to support the Utility's argument that it should now be relieved of the obligation to pay the assessments as required by the covenants/restrictions.