MARGARET ARCENEAUX AND KATHLEEN FICKLIN
v.
RICHARD T. ERWIN; ASCENSION READY MIX, INC; TATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO)
2009 CA 0695.
Court of Appeals of Louisiana, First Circuit.
December 30, 2009.
Not Designated for Publication.
TODD C. COMEAUX, Attorney for Plaintiff/Appellant, Margaret Arceneaux.
TIMOTHY J. MARTINEZ, Attorney for Plaintiff/Appellant, Kathleen Ficklin.
MATTHEW W. PRYOR, TIMOTHY E. PUJOL, Attorneys for Defendants/Appellees, Richard T. Erwin, Ascension Ready Mix, Inc; and State Farm Mutual Automobile Insurance Company,
Before: PARRO, KUHN, and McDONALD, JJ.
McDONALD, J.
This suit arises from a traffic accident. On November 22, 2005, Margaret Arceneaux was driving a 2004 Chevrolet Monte Carlo in the right southbound lane on Highway 61 (Airline Highway) in East Baton Rouge Parish. Kathleen Ficklin was riding in the passenger seat. At the same time, Richard T. Erwin was driving a cement mixing truck owned by Ascension Ready Mix, Inc., along Airline Highway in the left southbound lane next to Ms. Arceneaux. As the two vehicles headed south on Airline Highway between Siegen Lane and Industriplex Boulevard, they collided. Ms. Arceneaux and Ms. Ficklin were injured in the accident.
Thereafter, Ms. Arceneaux and Ms. Ficklin filed suit against Mr. Erwin, Ascension Ready Mix, Inc. (Ascension Ready Mix), State Farm Mutual Automobile Insurance Company (State Farm), Ascension Ready Mix's insurer, and Government Employees Insurance Company (GEICO), Ms. Arceneaux's UM insurer (collectively the defendants), asserting that the accident was caused solely by Mr. Erwin's failure to maintain control of his vehicle and striking Ms. Arceneaux's vehicle. GEICO was dismissed from the suit after settling with the plaintiffs.
The defendants answered the petition, asserting that the accident was caused solely by the fault of Ms. Arceneaux for failing to maintain control of her vehicle, exiting her lane of travel, and striking Mr. Erwin's vehicle. Thereafter, the defendants filed a motion for summary judgment, asserting that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law. They asserted that immediately prior to the accident the Arceneaux vehicle was in the right southbound lane, slightly ahead of the Erwin vehicle, which was in the left southbound lane, and that the accident occurred because one of the vehicles crossed the divider line and struck the other vehicle. The defendants asserted that neither Ms. Arceneaux nor Ms. Ficklin saw the cement mixer cross into their lane of travel, according to their deposition testimony. Further, they asserted that Mr. Erwin testified that he felt his vehicle swerve when it was struck by the Arceneaux vehicle, that Mr. Erwin did not leave the lane he was traveling in immediately prior to the accident, and that he saw glass flying as the Arceneaux vehicle crossed his lane, coming to rest in the median. Thus, the defendants asserted, there was a lack of factual support for an essential element of the plaintiffs' claim, specifically, there was no evidence to show that Mr. Erwin crossed into the lane of Ms. Arceneaux and caused the accident; therefore, the plaintiffs could not produce factual support sufficient to establish that they would carry their evidentiary burden at trial. Thus, no genuine issue of material fact existed, and defendants were entitled to judgment as a matter of law. After a hearing, the trial court found no genuine issue of material fact existed and granted the defendants' motion for summary judgment, dismissing the plaintiffs' suit. The plaintiffs are appealing that judgment.
The plaintiffs assert that the totality of the deposition testimony and the sworn affidavits in the trial court record present multiple factual issues relating to fault and causation in the accident; therefore, it was legal error for the trial court to grant summary judgment relieving the defendants from all responsibility for the accident.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Lewis v. Four Corners Volunteer Fire Department, 08-0354 (La. App. 1 Cir. 9/26/08), 994 So.2d 696, 699. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966B. The initial burden of proof remains with the mover and is not shifted to the nonmoving party until the mover has properly supported the motion and carried the initial burden of proof. Only then, and only if the issue is one on which the non-moving party would have the burden of proof at trial, must the non-moving party "submit evidence showing the existence of specific facts establishing a genuine issue of material fact." When the court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, these reasonable inferences must be viewed in the light most favorable to the party opposed to the motion. The credibility of a witness or doubt as to whether a party alleging a fact will be able to sustain his burden of proof on the merits are improper considerations in determining the existence of material fact. Schindler v. Biggs, 06-0649, p. 5-6, (La. App. 1 Cir. 6/8/07), 964 So.2d 1049, 1053.
Ms. Arceneaux testified in her deposition that she believed the cement truck crossed the line into her lane and caused the accident. Her first notice of the accident was a loud "pop" behind her, which she believed occurred as the cement truck clipped her left rear fender. She said that as the cement truck came parallel to her car it was as if "he sucked us and bounced us off the side of him because he was alongside of us where my window exploded." Then she said her vehicle went spinning to the right and ended up in the median.
Ms. Ficklin testified in her deposition that there was a "terrific bang at the left rear" of the car. She thought a tire had blown out, and as she turned around to look, the cement truck was beside them and the front end of the car started spinning. She neither saw the cement truck swerve into their lane nor did she feel the Arceneaux vehicle swerve into the other lane or drift into the other lane.
In his affidavit, Mr. Erwin stated that he felt the cement truck swerve when it was hit by the Arceneaux vehicle and that he did not leave his lane of travel prior to the accident.
Ms. Arceneaux and Mr. Erwin each stated they believed the other vehicle crossed the lane line and caused the accident. The resolution of the two different versions of how the accident occurred requires a credibility determination by the court. Thus, there are genuine issues of material fact as to how the accident occurred and who was at fault, and the trial court committed legal error in granting the motion for summary judgment.
For the foregoing reasons, the trial court judgment granting the motion for summary judgment in favor of defendants is reversed, and the matter is remanded to the trial court for further proceedings. Costs are assessed against the defendants.
REVERSED AND REMANDED.