868 So.2d 96 (2003)
Derrin ERNEST
v.
PETROLEUM SERVICE CORPORATION and Carbis, Inc.
No. 2002 CA 2482.
Court of Appeal of Louisiana, First Circuit.
November 19, 2003.
Writ Denied February 20, 2004.
Yigal Bander, Baton Rouge, Counsel for Plaintiff/Appellant Derrin Ernest.
Charles S. McCowan, Jr., L. Victor Gregoire, Baton Rouge, Appeal Counsel for ExxonMobil Corporation Defendant/Appellee.
John A. Jeansonne, Jr., Bradford H. Felder, Donovan J. O'Pry, Lafayette, Appeal Counsel for Carbis, Inc.
Before: WHIPPLE, KUHN, and MCDONALD, JJ.
*97 MCDONALD, J.
The plaintiff, Derrin Ernest, an employee of Petroleum Service Corporation (PSC), was slightly injured on January 26, 2000 when a panel gave way in the loading platform he was working on at the Exxon Chemical facility in Baton Rouge. The platform was owned and maintained by the defendant, ExxonMobil Corporation (ExxonMobil), and manufactured by another defendant, Carbis, Inc. (Carbis). On March 23, 2000, a panel in the platform Mr. Ernest was working on again gave way, this time causing Mr. Ernest to fall onto the tank trailer of the truck below. He suffered serious permanent injury. Mr. Ernest filed suit against PSC, ExxonMobil and Carbis.
PSC answered the suit, asserting that his sole remedy against PSC was the relief provided by the Louisiana Workers' Compensation Act. Thereafter, PSC filed a motion for summary judgment. This motion was granted and PSC was dismissed from the suit.
ExxonMobil filed a motion for summary judgment, claiming it was immune from suit as Mr. Ernest's statutory employer, and, alternatively, that it had no duty toward Mr. Ernest. Mr. Ernest filed a motion for partial summary judgment, asking that the trial court declare that ExxonMobil was not his statutory employer at the time of his March 23, 2000, accident, and therefore was not entitled to immunity from his suit, and second, asking that the court find ExxonMobil owed Mr. Ernest a duty of reasonable care with regard to the loading platform on which he was injured.
Thereafter, the trial court rendered judgment granting ExxonMobil's motion for summary judgment and decreeing that Mr. Ernest was ExxonMobil's statutory employer. Mr. Ernest's motion for partial summary judgment was denied. Mr. Ernest appeals.[1] He challenges the trial court's determination that he was ExxonMobil's statutory employee at the time of the accident.

THE STANDARD OF REVIEW
Summary judgments are reviewed on appeal de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Smith v. Our Lady Of The Lake Hospital Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750.

THE APPLICABLE LAW
Louisiana Revised Statute 23:1061 provides:
A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the *98 exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.
(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.
(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.
B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.

ANALYSIS
Under the Workers' Compensation Act, the employer is liable for compensation benefits to an employee who is injured as a result of an accident arising out of and in the course of employment. La. R.S. 23:1031. The rights and remedies under Chapter 10 of the Act, La. R.S. 23:1021-1415, provide the employee's exclusive remedy against the employer for such injury or disease. La. R.S. 23:1032. When the employer seeks to avail itself of tort immunity under Section 1032, the employer bears the burden of proving entitlement to the immunity. Weber v. State, 93-0062, p. 5 (La.4/11/94), 635 So.2d 188, 191. Immunity statutes must be strictly construed against the party claiming the immunity. Weber, 93-0062 at p. 8, 635 So.2d at 193.[2]
*99 The contract that was in effect between ExxonMobil and PSC at the time of Mr. Ernest's March 23, 2000 accident did not provide an express provision stating that ExxonMobil was the statutory employer of PSC's employees. On April 20, 2000, ExxonMobil and PSC attempted to remedy this by amending the contract to provide, among other things, that ExxonMobil was the statutory employer of PSC's employees. This amendment was made effective retroactive to the date of the original contract, November 24, 1997. However, at the time of Mr. Ernest's accident nothing in the contract provided that ExxonMobil was the statutory employer of PSC's employees. Thus, having failed to demonstrate the existence of a written contract providing for the statutory relationship between it and PSC at the time of the accident, ExxonMobil is not Mr. Ernest's statutory employer. Cf. Griffin v. Wickes Lumber Company, XXXX-XXXX (La.App. 1st Cir.12/20/02), 840 So.2d 591 (requirement of written contractual provision for existence of statutory relationship between principal and employee's immediate employee for tort immunity in favor of principal does not apply for principal to be immune from claims of borrowed employees.) The trial court erred in concluding to the contrary, and the grant of summary judgment decreeing Mr. Ernest is ExxonMobil's statutory employer is reversed.

CONCLUSION
For the foregoing reasons, the trial court judgment decreeing that ExxonMobil was Mr. Ernest's statutory employer at the time of his accident and granting summary *100 judgment in favor of ExxonMobil is reversed. Judgment is hereby rendered granting Mr. Ernest's motion for partial summary judgment and recognizing that ExxonMobil was not Mr. Ernest's statutory employer. This case is remanded for further proceedings consistent with this opinion. Costs are assessed against ExxonMobil.
REVERSED AND RENDERED; REMANDED.
WHIPPLE, J., concurs.
NOTES
[1] Although Mr. Ernest urges that the trial court erred in implicitly concluding ExxonMobil did not owe him a duty of reasonable care on the basis of the independent contractor status of PSC, review of the record shows that the issue was not raised at the hearing of this matter. Moreover, the record demonstrates that genuine issues of material fact exist precluding an analysis of the legal issue of whether a duty of reasonable care was owed. See Webb v. SEP, Inc., 31,946, pp. 8-9 (La.App.2d Cir.5/5/99), 752 So.2d 881, 886; see also La.C.C.P. art. 966 B & C. As such, we find that the issue is not ripe for appellate review at this juncture.
[2] According to La. C.C. art. 9, when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written. No further interpretation may be made in search of the intent of the legislature. See also La. R.S. 1:4 (when the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit). The appropriate starting point for statutory interpretation then is the language of the statute itself. In re Louisiana Health Service and Indem. Co., 98-3034, p. 10 (La. 10/19/99), 749 So.2d 610, 615; A.K. Durnin Chrysler-Plymouth, Inc. v. Jones, XXXX-XXXX, p. 4 (La. App. 1st Cir.5/10/02), 818 So.2d 867, 870. And when a statute is clear, unambiguous, and its application does not lead to absurd consequences, there is no justification for considering comments to the enactment as persuasive sources or interpretive aids. Ramirez v. Fair Grounds Corp., 575 So.2d 811, 813 (La.1991). It is only when the language of a statute is subject to more than one reasonable interpretation that the determination of the legislature's intent in enacting the provision becomes necessary. Louisiana Mun. Ass'n v. State, XXXX-XXXX, p. 6 (La.10/6/00), 773 So.2d 663, 667.

We find it noteworthy that the 1997 amendment to La. R.S. 23:1061 had its genesis in Senate Bill No. 922 that was enacted as Acts 1997, No. 315. The original bill was intended to clarify the judicially established standard for determining statutory employer/employee status by legislatively establishing guidelines for this determination.
The intent of Senate Bill No. 922 was to do three things: 1) expand the concept of statutory employee to include work that was an integral part of, or essential to the ability of the principal to generate its goods, products, and services; 2) clarify the two-party contract situation so that the statutory employer relationship would exist when the principal contracts with a contractor who contracts with a subcontractor; and 3) provide for a presumption of the statutory employer relationship if a written contract existed between the principal and the employee's immediate employer. The bill that was originally filed accomplished these objectives. However; as amended, the plain language of La. R.S. 23:1061 seems to have accomplished a different result.
Subsection A, Paragraph (1) was amended to provide that it is subject to the provisions of Paragraphs (2) and (3). Paragraph (3) clearly provides that the statutory employee relationship shall not exist unless there is a written contract. Because Paragraph (3) does not apply to Paragraph (2), a written contract is neither necessary nor required for the statutory employee relationship to exist in a two-contract situation. However, since Paragraph (1) is subject to the provisions of Paragraph (3), a written contract must exist for the statutory employee relationship to exist. Thus, the legislation actually enacted expanded the concept of statutory employee and added a contract requirement of a specific designation of employees as statutory employees but, interestingly, failed to include the broad presumption of statutory employer status intended by Bill No. 922.