McClendon, j.
pin this appeal, plaintiffs, Mary Kozolis Morris and Thomas E. Morris, challenge the trial court judgment granting summary judgment in favor of defendant, Donald A. Nanz, individually, and dismissing their claim for damages against him in his mdmdual capacity. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On January 22, 1999, Mary and Thomas Morris purchased a home in Beau Chene Subdivision in Mandeville, Louisiana, from Robert and Harriet Osborne. The Os-bornes had purchased the home from Nanz Enterprises, Inc. following the completion of its construction in August of 1991. Said house had been built following the Os-bornes’ signing of a purchase agreement for the construction of the home, which agreement was signed by Mr. Nanz. On January 13, 2000, plaintiffs filed a petition for damages against several defendants, including Nanz Enterprises, Inc. and its president, Donald A. Nanz, in his individual capacity. In their petition, plaintiffs alleged that sometime after purchasing the residence, they discovered numerous latent defects in the home. Plaintiffs asserted that the manner in which the Nanz defendants constructed the home caused the defects rendering it structurally unsound.
Mr. Nanz answered the petition and thereafter, on April 15, 2004, filed a motion for summary judgment. In his motion, Mr. Nanz asserted that at all relevant times he acted only in his representative capacity on behalf of Nanz Enterprises, Inc. Therefore, Mr. Nanz argued, no genuine issue of material fact existed as to plaintiffs’ claims against him, and he was entitled to judgment as a matter of law. Following a hearing, the trial court agreed with Mr. Nanz. Judgment was signed on September 2, 2004, granting ■ the Lsummary judgment, and dismissing all claims against Mr. Nanz with prejudice.[1] *118 Plaintiffs appealed asserting that the trial court erred in dismissing Mr. Nanz individually.[2]
SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Johnson v. Evan Hall Sugar Cooperative, Inc., 01-2956, p. 3 (La. App. 1 Cir. 12/30/02), 836 So.2d 484, 486. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966(A)(2); Thomas v. Fina Oil and Chemical Co., 02-0338, pp. 4-5 (La.App. 1 Cir. 2/14/03), 845 So.2d 498, 501-02.
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the moving party must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentia-ry burden of | sproof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. LSA-C.C.P. art. 966(C)(2); Robles v. ExxonMobile, 02-0854, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 339, 341.
Summary judgments are reviewed on appeal de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Ernest v. Petroleum Service Corp., 02-2482, p. 3 (La.App. 1 Cir. 11/19/03), 868 So.2d 96, 97, writ denied, 03-3439 (La.2/20/04), 866 So.2d 830.
DISCUSSION
The salient issue before us in this matter is whether, based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, Mr. Nanz proved that there were no unresolved issues of material fact as to whether a possible cause of action could be maintained against him. In support of his motion for summary judgment, Mr. Nanz attached excerpts from his deposition, excerpts from plaintiffs’ depositions, a copy of the certificate of occupancy for the residence issued to Nanz Enterprises, Inc., copies of checks issued by the Osbornes to Nanz Enterprises, Inc., copies of invoices to Nanz Enterprises, Inc. by Pella Window Store for the residence, and a copy of the residential building contractor certificate for Nanz Enterprises, Inc. for the year 2000. Our de novo review of the facts in this case compels us to conclude that Mr. Nanz met his burden. The burden then shifted to plaintiffs to come forward with evidence, sufficient to establish their evidentiary burden at trial, that Mr. Nanz was personally | fiIiable for his actions. We conclude *119 that plaintiffs failed to produce such evidence.
Initially, plaintiffs contend that they have alleged a cause of action against Mr. Nanz individually as the builder of their home under the New Home Warranty Act (NHWA). The NHWA was enacted in 1986 and codified in LSA-R.S. 9:3142, et seq., for the purpose of “providing clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana and by providing for the use of homeowners’ insurance as additional protection for the public against defects in the construction of new homes.” LSA-R.S. 9:3141. The NHWA provides a “warranty for a new home purchaser defining the responsibility of the builder to that purchaser and subsequent purchasers during the warranty provisions provided herein.” LSA-R.S. 9:3141. Ciliberti v. Mistretta, 03-1559, p. 5 (La.App. 1 Cir. 5/14/04), 879 So.2d 789, 792. At the time plaintiffs’ home was constructed, the definition of “builder” under the NHWA included “any person, corporation, partnership, or other entity which constructs a home, including a home occupied initially by its builder as his residence.” LSA-R.S. 9:3143(1).[3]
In an effort to establish that Mr. Nanz, and not Nanz Enterprises, Inc., was the builder of the home, plaintiffs asserted that Mr. Nanz signed the purchase agreement with the Osbornes in his individual capacity. Admittedly, Mr. Nanz signed the purchase agreement in January of 1991 | individually without any indication of representative capacity. The evidence, however, fails to establish that Mr. Nanz was the builder and seller of the home at issue. Mr. Nanz testified in his deposition that Nanz Enterprises, Inc. is the residential construction company he incorporated in 1984 that built plaintiffs’ residence. The evidence also shows that in January of 1991, the Osbornes made their down payment and interest checks payable to Nanz Enterprises, Inc. for the construction of the home. Additionally, invoices for materials for the house were made to Nanz Enterprises, Inc. The certificate of occupancy for the home, dated August 6, 1991, was issued to Nanz Enterprises, Inc. Further, the sale of the house to the Osbornes was by Nanz Enterprises, Inc., represented by Donald Nanz, its president, by virtue of a recorded and referenced corporate resolution. We conclude that plaintiffs have failed to produce sufficient evidence to establish that Mr. Nanz individually was the builder of the home under the NHWA.
Plaintiffs also claim, however, that Mr. Nanz’s actions were fraudulent, subjecting him to personal liability in that the house was not built according to the plans and specifications as agreed to by Mr. Nanz in the purchase agreement between the Osbornes and Mr. Nanz.
Fraud is a misrepresentation or a suppression of the truth made with the intent to obtain an unjust advantage for one party or to cause loss or inconvenience for the other party. Fraud may result from silence or inaction. LSA-C.C. art. 1953. Further, there are three basic elements to an action for fraud against a party to a contract: (1) a misrepresentation, suppression, or omission of true infor *120 mation; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the | ^victim's consent to (a cause of) the contract. Shelton v. Standard/700 Associates, 01-0587, pp. 4-5 (La.10/16/01), 798 So.2d 60, 64.
In the present matter, plaintiffs assert that the purchase agreement between the Osbornes and Mr. Nanz is evidence of his fraudulent misrepresentation, since he signed it agreeing to build the home according to the plans and specifications when, in fact, the home was not built in accordance with the plans and specifications. Plaintiffs argue that had they known the house was not built in accordance with the plans and specifications, they would not have relied on same and would not have purchased the home.[4]
Although plaintiffs allege that Mr. Nanz made negligent and fraudulent misrepresentations, the purchase agreement signed in 1991 was between Mr. Nanz and the Osbornes, not between Mr. Nanz and the plaintiffs. Further, Mr. Nanz was not a party to the sale of the home from the Osbornes to the plaintiffs. Plaintiffs admit that they had no communication with Mr. Nanz prior to their purchase of the home. No evidence was presented that, prior to the sale to the plaintiffs, they had any communication of any kind with Mr. Nanz. Plaintiffs did receive a copy of the plans and specifications prior to their purchase, but that was obtained from the Osbornes. Thus, any possible misrepresentations to the plaintiffs could only have been made by the Osbornes, and not by Mr. Nanz. It was impossible for Mr. Nanz to have the intent to obtain an unjust advantage or induce the plaintiffs into buying the home, as Mr. Nanz made no representations to plaintiffs of any kind prior to their purchase.
| flAccordingly, we find no genuine issues of material fact, and that summary judgment was appropriate.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court granting summary judgment in favor of Donald A. Nanz, dismissing plaintiffs’ claims against him individually with prejudice. Costs of this appeal shall be borne by Mary Kozolis Morris and Thomas E. Morris.
AFFIRMED.
WELCH, J., dissents and assigns reasons.

. Other motions and exceptions had also been filed on behalf of Mr. Nanz. However, because all claims against Mr. Nanz individually were dismissed by his motion for summaiy *118 judgment, the other pending matters were not ruled upon.

. Any claims against Nanz, Enterprises, Inc. are not before us in this appeal.

. The NHWA currently defines "builder" as:
[A]ny person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home, or addition thereto, including a home occupied initially by its builder as his residence. A person, corporation, partnership, limited liability company, joint venture, or other entity which constructs a home, or any addition thereto, is a "builder", whether or not the consumer purchased the underlying real estate with the home.
LSA-R.S. 9:3143(1).

. Plaintiffs claim in part that the drawings and specifications did not call for synthetic stucco in the construction of the home, but synthetic stucco was used, including areas where brick was depicted. However, we note that the use of synthetic stucco in areas where the plans and specifications called for brick was openly apparent, thereby indicating that at least some deviations from the plans and specifications occurred.