STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-1072 consolidated with CA 09-1073

ELIZABETH A. TILLEY

VERSUS

BOISE CASCADE CORPORATION, ET AL.

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2008-0186
HONORABLE STUART S. KAY, JR., DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Billy Howard Ezell, Judges.

REVERSED AND REMANDED.

Leslie R. Leavoy, Jr.
P. O. Box 1055
DeRidder, LA 70634
(377) 462-6051
Counsel for Plaintiff/Appellant:
Elizabeth A. Tilley

**Andrew Holleman Meyers**
**Beaud & Meyers**
**P. O. Box 3448**
**Lafayette, LA 70502**
**(337) 266-2200**
**Counsel for Defendants/Appellees:**
**Boise Cascade Corporation**
**Dennis Wallace**

**Christopher Jude Roy, Jr.**
**Chris J. Roy, Jr., A.P.L.C.**
**P. O. Box 1592**
**Alexandria, LA 71309-1592**
**(318) 487-9537**
**Counsel for Plaintiff/Appellant:**
**Elizabeth A. Tilley**

**EZELL, JUDGE.**

In these consolidated cases, Elizabeth Tilley and Terry Choat appeal trial court judgments which granted summary judgment in favor of Boise Cascade Corporation and Dennis Wallace. Both judgments held that the Defendants were entitled to tort immunity as a statutory employer pursuant to La.R.S. 23:1061.

## FACTS

Both Ms. Tilley and Mr. Choat were employed by BE&K Construction Company. On June 8, 2007, they were attempting to open a valve on the Number 3 Digester at Boise's DeRidder paper mill when they were sprayed with a hot liquid causing injuries. BE&K was performing work at Boise pursuant to an annual contractor services agreement which commenced on June 2, 2002.

Ms. Tilley and Mr. Choat filed suit against Boise and Mr. Wallace. They alleged that the Defendants had failed to shut the digester off in sufficient time prior to any performance of work on the digester. In response, the Defendants filed a motion for summary judgment alleging that they were immune from tort liability pursuant to La.R.S. 23:1061.

A hearing on the motion for summary judgment in Ms. Tilley's case was held on October 30, 2008, before Judge Stuart Kay. He granted the motion for summary judgment. A hearing on the motion for summary judgment in Mr. Choat's case was held on January 12, 2009, before Judge Kerry Anderson. After taking the case under advisement, Judge Anderson also granted summary judgment in favor of Boise and Mr. Wallace. Both Ms. Tilley and Mr. Choat appealed the judgments. The cases were consolidated in this court after the filing of an unopposed motion to consolidate.

1

Ms. Tilley and Mr. Choat both claim that the trial court erred in granting summary judgment in favor of Boise and Mr. Wallace. They allege that the Defendants failed to carry their burden of proof and that there are genuine issues of material fact which preclude summary judgment.

> Summary judgments are reviewed *de novo* on appeal, with the reviewing court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Power Marketing Direct, Inc. v. Foster*, 05-2023 (La.9/6/06), 938 So.2d 662, 669; *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730, 750.

> A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ. Proc. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action ... The procedure is favored and shall be construed to accomplish these ends." La.Code Civ. Proc. art. 966(A)(2).

*La. Safety Ass'n of Timbermen Self-Insurers Fund v. La. Ins. Guar. Ass'n*, 09-23, p. 5 (La. 6/26/09), 17 So.3d 350, 353-54.

"Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion." *Id*. at 354.

## STATUTORY EMPLOYEE

The Defendants have alleged that Ms. Tilley and Mr. Choat were statutory employees of Boise at the time of the accident entitling the Defendants to immunity from tort suit. An employer bears the burden of proving entitlement to tort immunity as established by La.R.S. 23:1032. *Ernest v. Petroleum Serv. Corp.*, 02-2482 (La.App. 1 Cir. 11/19/03), 868 So.2d 96. Boise and Wallace argue that there was a

contract in place at the time of Ms. Tilley's and Mr. Choat's accident which grants

Bosie statutory employer status.

Louisiana Revised Statutes 23:1061 (emphasis supplied) establishes the

workers' compensation responsibility of a principal under the statutory employer

doctrine and provides:

A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principals goods, products, or services.

(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.

(3) Except in those instances covered by Paragraph (2) of this Subsection, **a statutory employer relationship shall not exist between the principal and the contractors employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.**

3

B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.

When the legislature amended La.R.S. 23:1061 in 1997, it added a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees when a written contract exists between a principal and a contractor that recognizes the principal as a statutory employer. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that its goods, products, or services. *See* footnote 2 in *Dean v. Southmark Const.*, 03-1051 (La. 7/6/04), 879 So.2d 112.

The record establishes that there is a contract between Boise and BE&K which specifically provides for the statutory employee status of BE&K employees while working at the Boise plant. The terms of the contract provided that the contract expired in five years, or on June 2, 2007. This accident occurred on June 8, 2007. The terms of the contract further provided in Section 22.0 that any amendments to the contract were not valid unless agreed to by the parties in writing and signed by their authorized representative. Boise and Mr. Wallace did introduce into the record an addendum to the contract which provided that the term expired on June 2, 2008. The addendum is signed by the financial affairs manager for Boise and dated May 31, 2007. The addendum is also signed by the vice president of BE&K but is not dated in the blank provided for a date for his signature.

An affidavit from Larry Cook, the purchasing agent for Boise was attached to the Defendants' motion for summary judgment. Mr. Cook attests that the contract between Boise and BE&K was in effect on June 8, 2007. However, Mr. Cook is not a signatory to the contract nor does he explain how he personally knows that the contract was in effect.

4

In reviewing the personal knowledge requirement of affidavits, this court stated:

> Personal knowledge means something the witness actually saw or heard, as distinguished from what he learned from some other person or source. The purpose of the requirement of "personal knowledge" is to limit the affidavit to facts which the affiant saw, heard, or perceived with his own senses. Portions of affidavits not based on personal knowledge of the affiant should not be considered by the trial court in deciding a motion for summary judgment.
>
> Where business records are concerned, as in the present case, the courts have deemed La.C.C.P. art. 967 satisfied when the affiant is qualified to identify the business records as such. The affiant has not been required to show that he personally prepared the business records, or that he had direct, independent, first hand knowledge of the contents thereof.

*Denbury Onshore, L.L.C. v. Pucheu*, 08-1210, p. 18 (La.App. 3 Cir. 3/11/09), 6 So.3d 386, 398 (*quoting Hibernia Nat'l Bank v. Rivera*, 07-962, pp. 8-9 (La.App. 5 Cir. 9/30/08), 996 So.2d 534, 539-40 (citations omitted)).

Nothing in Mr. Cook's affidavit indicates that he had anything to do with the preparation of the addendum or that he saw the parties sign it. He simply makes a conclusionary statement that the contract was in effect on the date of the accident. Therefore, we find that this affidavit is insufficient to establish that the contract was in effect on the date of the accident.

While Boise's representative indicates that he signed the addendum on May 31, 2007, BE&K's representative did not date his signature even though a specific blank was provided for the date. For all we can tell, he may have signed the addendum after the accident, in which case the contract would have expired and there would be no contract in place recognizing the statutory employer relationship. In that situation, Boise and Mr. Wallace would not be entitled to tort immunity.

5

Therefore, we find that Boise and Mr. Wallace failed to establish by a preponderance of the evidence that the addendum was signed by BE&K before the accident. There is a genuine issue of material fact precluding summary judgment. We, therefore, reverse the judgments of the lower court granting summary judgment in favor of Boise and Mr. Wallace. The cases are remanded for further proceedings. Costs of these appeals are accessed to Boise Cascade Corporation and Dennis Wallace.

**REVERSED AND REMANDED.**