# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 13, 2010

Lyle W. Cayce
Clerk

No. 09-30613

RAFAEL JOSEPH,

                                        Plaintiff-Appellant,

versus

SHELL CHEMICAL, LP; WYATT CONSTRUCTION, LLC.;
MOTIVA ENTERPRISES, LLC; WYATT FIELD SERVICES COMPANY;
S&B ENGINEERS AND CONSTRUCTORS, LIMITED;
UNIDENTIFIED PARTY,
as the Insurer of S&B Engineers and Constructors, Limited,

                                        Defendants-Appellees.

* * * * * * * * * * * * * * * * * *

WALTER JEREMY DANIELS, IV,

                                        Plaintiff-Appellant,

versus

SHELL CHEMICAL, LP; MOTIVA ENTERPRISES, LLC;
WYATT FIELD SERVICES COMPANY,

                                        Defendants-Appellees.

Appeals from the United States District Court
for the Eastern District of Louisiana
No. 2:07-CV-5489

Before JOLLY, SMITH, and OWEN, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Rafael Joseph and Walter Daniels, IV, sued Shell Chemical, LP ("Shell"), Motiva Enterprises, LLC ("Motiva"), and Wyatt Field Services Company ("Wyatt") for personal injuries they sustained while performing maintenance at an oil refinery. The district court granted summary judgment for Shell, Motiva, and Wyatt on the ground that they were statutory employers. We affirm.

I.

Shell and Motiva hired Wyatt as a general contractor to perform a maintenance project at Motiva's refinery. Wyatt subcontracted with Atlantic Scaffolding Company ("Atlantic") to conduct the necessary scaffolding. Joseph and Daniels, employees of Atlantic, were injured during the course of the project when a steam valve blew out, permitting a release of hot oil and steam.

Joseph and Daniels sued Shell, Motiva, and Wyatt in tort to recover damages for their injuries. Shell/Motiva[1] and Wyatt moved for summary judgment, claiming to be statutory employers under section 23:1061(A) of the Louisiana

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Shell and Motiva filed a joint motion for summary judgment and a joint brief on appeal.

No. 09-30613

Revised Statutes. The district court granted both motions, holding that Joseph and Daniels were limited to recovery under Louisiana's workers' compensation scheme, LA. REV. STAT. ANN. § 23:1031 *et seq.* Joseph and Daniels appeal.

## II.

We review a summary judgment *de novo*, applying the same standard as did the district court. *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir. 2003). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). We view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

## III.

Joseph and Daniels claim that Wyatt, Shell, and Motiva failed to meet the statutory employer requirements under Louisiana law. We disagree.

Subsection 23:1061(A)(1) provides that a general contractor, or "principal," is a statutory employer when it "undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the 'contractor', for the execution by or under the contractor of the whole or any part of the work undertaken by the principal . . . ." The statute then describes two alternative situations that give rise to statutory employment: (1) where the principal has contracted to perform work and subcontracts all or a portion of the work to another (also known as the "two contract" theory), LA. REV. STAT. ANN. 23:1061(A)(2); or (2) where the principal enters a written contract recognizing it as a statutory employer of the other party's em-

ployees, LA. REV. STAT. ANN. 23:1061(A)(3). *See Daigle v. McGee Backhoe & Dozer Serv.*, 16 So. 3d 4, 5 (La. App. 5th Cir.), *writ denied*, 18 So. 3d 113 (La. 2009).

Joseph and Daniels first claim that the district court erred in granting Wyatt's motion for summary judgment under subsection 23:1061(A)(2). That subsection states: "A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer." § 23:1061(A)(2). In *Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Auth.*, 842 So. 2d 373, 379 (La. 2003), the court held that the "two contract" defense applies where "(1) the principal enters into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfil its contractual obligation to perform the work, the principal enters into a subcontract for all or part of the work performed."

Joseph and Daniels argue that the court erred in granting Wyatt's motion for summary judgment, because the subcontract between Wyatt and Atlantic violated the terms of the general contract between Shell/Motiva and Wyatt. More specifically, they contend that Wyatt's failure to obtain Shell/Motiva's written consent before hiring a subcontractor, as required by the general contract, precludes it from meeting the second and third elements of *Allen*. As for the second element, Joseph and Daniels claim that hiring Atlantic without prior written approval was not "pursuant to" Wyatt's contract with Shell/Motiva, but rather in breach of it. Similarly, regarding the third element, they maintain that Wyatt's subcontract with Atlantic was an "avoidance" of the general contract, rather than a "fulfillment."

Those arguments are clever but ultimately unconvincing. Joseph and Daniels cannot concoct a linguistic intricacy to overcome the obvious import of

subsection 23:1061(A)(2). Stated in terms of the *Allen* elements, (1) Wyatt entered into a contract with Shell/Motiva; (2) pursuant to that contract, maintenance work had to be performed; and (3) to complete the job, Wyatt subcontracted with Atlantic to erect the necessary scaffolding. Wyatt's situation was a textbook case of statutory employment under the "two contract" theory.

Joseph and Daniels next claim that the district court erred in granting Shell/Motiva's motion for summary judgment under subsection 23:1061(A)(3). That subsection states:

> Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

LA. REV. STAT. ANN. § 23:1061(A)(3).

Joseph and Daniels claim that Shell and Motiva did not have a contract with Atlantic, the immediate employer, so they cannot be statutory employers. As the district court found, however, Shell and Motiva had a written contract with Wyatt that made them statutory employers of Wyatt's employees, whether statutory or direct. Given that Wyatt was Joseph's and Daniels's statutory employer under subsection 23:1061(A)(2), there is a rebuttable presumption that Shell and Motiva were also their statutory employers. Joseph and Daniels have not even attempted to rebut that presumption. Therefore, the district court was

No. 09-30613

correct in holding that Shell and Motiva met subsection 23:1061(A)(3)'s statutory employment requirements.

AFFIRMED.