GREGG COSTA, Circuit Judge,
dissenting in part:
The very nature of an Erie guess means that one cannot disagree with certitude. *737 The majority opinion provides reasoned arguments for why the Supreme Court of Louisiana might rule in favor of Excel’s position if it ever confronts this situation. But one thing is certain. As the majority opinion recognizes, it is extending statutory employer status beyond what any Louisiana state court has ever recognized. No case prior to this one has assigned such status to a party that is neither “mentioned in the written services contract [n]or listed as a subsidiary or affiliate in it.” Maj. Op. at 735. The only intermediate state court that has considered such a situation has rejected statutory employer status. See Ernest v. Petroleum Serv. Corp., 868 So.2d 96, 99 (La.App. 1 Cir. 2003). The broadest reading a Louisiana court has given the post-1997 statute is St. Angelo, and it was a divided opinion even though unlike here the services agreement was expressly entered into on behalf of the defendant. St. Angelo v. United Scaffolding, Inc./X-Serv., Inc., 40 So.3d 365, 374 (La.App. 4 Cir.2010) (Bonin, J., dissenting). I therefore believe that the better approach is to not extend a state law immunity beyond the already-controversial outer bounds of state case law. Cf. Doddy v. Oxy USA Inc., 101 F.3d 448, 463 (5th Cir.1996) (citing cases recognizing that federal court sitting in diversity should not “fashion new theories of recoveries” for plaintiffs or “adopt innovative” defenses).
That is especially true when that extension of state law requires us to rely on “inferences” drawn from various provisions of a contract (Maj. Op. at 735-36), rather than follow the contract’s express terms. Although the 1997 amendments to the Lousiana Worker’s Compensation Act “establish a more liberal standard for establishing statutory employer status,” St. Angelo, 40 So.3d at 370, that comparative observation is not the same thing as saying that the amended standard should be construed liberally or that courts have license to broadly construe contracts beyond what the plain language supports. It also does not change that the defendant bears the burden of establishing its entitlement to immunity as a statutory employer and that such immunity “must be strictly construed against the party claiming the immunity,” see Weber v. State, 635 So.2d 188, 191, 193 (La.1994),[1] rules which can serve as tiebreakers in close cases.
Ordinary principles of contract interpretation are thus used in determining whether a party has immunity under the 1997 statute, which simply asks “whether the contract — whatever ‘type of' contract., it might be — ‘recognizes’ the principal as a statutory employer.” H. Alston Johnson III, 13 La. Civ. L. Treatise, Workers’ Comp. L. & Prac. § 123 (5th ed. 2014); La. R.S. 23:1061(A)(3). The majority opinion rightly notes the importance of following the contractual expectations of the parties. Maj. Op. at 735-36. Of course, the typical and easy way to make those expectations clear is to draft unambiguous language, such as a provision stating that *738 “BUYER or any of its subsidiaries or affiliates involved in the Services performed hereunder in Louisiana shall be considered a Statutory Employer.” Johnson v. Motiva Enterprises LLC, 128 So.3d 483, 489 (La.App. 5 Cir.2013) (emphasis in original); see also Joseph v. Shell Chem. Co., 2009 WL 1789422, at *4 (E.D.La. June 23, 2009), aff'd, 390 Fed.Appx. 401 (5th Cir.2010) (same language). That language provides clear guidance and prevents a party from invoking ambiguities in the overall structure of a services agreement to seek statutory employer status when it benefits from doing so, but take the opposition position if its interests were aligned differently.
I would thus reverse the district court on the statutory employer issue, though I agree with the majority opinion that Wright has not identified any intentional acts sufficient to establish that exception.

. There is no “Erie guess” on these standards given that Weber is a state supreme court decision and no Louisiana court has held that the 1997 amendments alter these general principles. To the contrary, intermediate courts have continued to rely on Weber for these principles when addressing statutory employer questions. See, e.g., Ernest, 868 So.2d at 98; Labranche v. Fatty’s, LLC, 48 So.3d 1270, 1272 (La.App. 1 Cir.2010). Also counseling against a liberal construction of contracts when applying section 1061(a)(3) is that the clause at issue in this case is stated as an exception to the general principle that "a statutory employer relationship shall not exist between the principal and the contractor's employees.” La. R.S. 23:1061(A)(3) (stating this as the law "unless __ there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes a statutory employer relationship”).